**Fill in this information to identify your case:**

Debtor 1: Robert B. Dodd
(First Name / Middle Name / Last Name)

Debtor 2: Mackinzie L. Dodd
(Spouse, if filing) (First Name / Middle Name / Last Name)

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known): 24-41173-PWB

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

§§ 3.2; 4.3; and 4.4

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § | Description | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☒ Included | ☐ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☒ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ☐ Included | ☒ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☒ Not Included |

Debtor  Robert B. Dodd and Mackinzie L. Dodd    Case number  24-41173-PWB

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

### § 2.1 Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ☐ 36 months  ■ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay  $1,850.00  per  month  for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2 Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

### § 2.3 Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.
■ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years  2024, 2025, 2026, 2027 and 2028 , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.
☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4 Additional Payments.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5 [Intentionally omitted.]

### § 2.6 Disbursement of funds by trustee to holders of allowed claims.

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders).**

| Part 3: | Treatment of Secured Claims |

### § 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

### § 3.2 Request for valuation of security and modification of certain undersecured claims.

☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

■ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 1st Franklin Financial Corporation | $6,644.29 | household goods (Non-PMSI) | $1,900.00 | $0.00 | $1,900.00 | 10% | $50.00 | $50.00 |

### § 3.3　Secured claims to be paid in full.

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; or

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor   Robert B. Dodd and Mackinzie L. Dodd                              Case number   24-41173-PWB

| Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Coosa Valley Credit Union | 2018 Ram 2500 SLT Diesel Crew Cab | 6/6/2022 | $29,638.00 | 4% | $254.00 | $254.00 step to $887.00 in February, 2025 |
| Coosa Valley Credit Union | 2020 Toyota Camry | 6/6/2022 | $26,127.00 | 4% | $175.00 | $175.00 step to $796.00 in February, 2025 |

**§ 3.4   Lien avoidance.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

■ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of creditor | Collateral |
|---|---|
| Connexus Credit Union | 2021 Kodiak Ultimate |
| Coosa Valley Credit Union | 2019 Maverick X3 Side by Side |
| Freedom Road Financial | 2023 Kawasaki XTC 160 Jet Ski |

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __8.25__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:   Treatment of Fees and Priority Claims**

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__5,313.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended..

Debtor  Robert B. Dodd and Mackinzie L. Dodd                           Case number  24-41173-PWB

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ __1,224.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fee Order, until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ __2,813.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ __2,813.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
|  |  |  |  |

■ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name and address of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue<br>1800 Century Blvd, NE, Ste 9100<br>Atlanta, GA 30345 | $961.00 |
| Internal Revenue Service<br>401 W. Peachtree St NW<br>Stop 334-D<br>Atlanta, GA 30308-3539 | $23,127.75 |

## Part 5: Treatment of Nonpriority Unsecured Claims

### § 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ A pro rata portion of the larger of (1) the sum of $ __0.00__ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Debtor  Robert B. Dodd and Mackinzie L. Dodd                                Case number  24-41173-PWB

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

■ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✗ _____  ✗ _____
Signature of debtor 1 executed on  MM / DD / YYYY         Signature of debtor 2 executed on  MM / DD / YYYY

_____     _____
Address                    City, State, ZIP code         Address                    City, State, ZIP code

✗ /s/ Kelly Thomas                                        Date: 10/21/2024
Signature of attorney for debtor(s)                             MM / DD / YYYY

Berry & Associates                                        2751 Buford Hwy NE, Ste 600, Atlanta, GA 30324
Firm                                                      Address                    City, State, Zip code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

## CERTIFICATE OF SERVICE

       This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the parties listed below and those on the attached mailing matrix with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to ensure delivery.

Mackinzie Lynn Dodd
Robert Braxton Dodd
1855 Rome Hwy
Cedartown, GA 30125


This the 21st day of October, 2024.

                                                         /s/
                                          Kelly Thomas
                                          GA Bar No. 305227
                                          Attorney for the Debtor
                                          Berry & Associates
                                          2751 Buford Hwy NE, Ste. 600
                                          Atlanta, GA 30324
                                          (404) 235-3300
                                          kthomas@mattberry.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-4<br>Case 24-41173-pwb<br>Northern District of Georgia<br>Rome<br>Mon Oct 21 09:07:02 EDT 2024 | 1st Franklin Financial<br>1570 Rome Highway<br>Cedartown, GA 30125-4403 | 1st Franklin Financial Corporation<br>Administrative Services Department<br>PO Box 880<br>Toccoa, GA 30577-0880 |
| Affirm, Inc.<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 | Wendell S. Agee<br>The Agee Law Firm, LLC<br>P. O. Box 2284<br>Buford, GA 30515-9284 | Atrium Health<br>PO Box 1123<br>Minneapolis MN 55440-1123 |
| Matthew Thomas Berry<br>Matthew T. Berry & Associates<br>Suite 600<br>2751 Buford Highway, NE<br>Atlanta, GA 30324-5457 | Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Auto Finance<br>Attn: Bankruptcy<br>7933 Preston Rd<br>Plano, TX 75024-2302 |
| Capital One N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 | Capital One, N.A.<br>by AIS InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Capital One, NA<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 |
| Collection Management Company<br>Attn: Bankruptcy<br>661 Andersen Drive, Suite 110<br>Pittsburgh, PA 15220-2700 | Connexus Credit Union<br>Attn: Bankruptcy<br>PO Box 8026<br>Wausau, WI 54402-8026 | Coosa Valley Credit Union<br>2010 Redmond Circle<br>Rome, GA 30165-1398 |
| Coosa Valley Credit Union<br>Attn: Bankruptcy<br>1307 Redmond Rd<br>Rome, GA 30165-9655 | Coosa Valley Credit Union<br>THE AGEE LAW FIRM, LLC<br>P.O. Box 2284<br>Buford, GA 30515-9284 | Credit Acceptance<br>Attn: Bankruptcy<br>25505 West 12 Mile Road Ste 3000<br>Southfield, MI 48034-8331 |
| Mackinzie Lynn Dodd<br>1855 Rome Hwy<br>Cedartown, GA 30125-4406 | Robert Braxton Dodd<br>1855 Rome Hwy<br>Cedartown, GA 30125-4406 | (p)ELEVATE RECOVERIES LLC<br>P O BOX 910009<br>SHERMAN TX 75091-0009 |
| Fortiva<br>Attn: Bankruptcy<br>PO Box 105555<br>Atlanta, GA 30348-5555 | Freedom Road Financial<br>10509 Professional Circle<br>Suite 100<br>Reno, NV 89521-4883 | FreedomRoad Financial<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 |
| Genesis FS Card Services<br>Attn: Bankruptcy<br>PO Box 4477<br>Beaverton, OR 97076-4401 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | HARBIN CLINIC LLC<br>C/O NATIONWIDE RECOVERY SERVICE<br>PO BOX 8005<br>CLEVELAND, TN 37320-8005 |
| Internal Revenue Service<br>401 W. Peachtree St NW<br>Stop 334-D<br>Atlanta, GA 30308-3539 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren MI 48090-2037 | Carrie L Oxendine<br>Matthew T. Berry & Associates<br>Suite 600<br>2751 Buford Highway NE<br>Atlanta, GA 30324-5457 |

| | | |
|---|---|---|
| Quantum3 Group LLC as agent for<br>CASCADE CAPITAL FUNDING LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | (p)SCANA ENERGY MARKETING<br>3344 PEACHTREE ROAD<br>SUITE 2150<br>ATLANTA GA 30326-4808 | K. Edward Safir<br>Standing Chapter 13 Trustee<br>Suite 1600<br>285 Peachtree Center Ave. NE<br>Atlanta, GA 30303-1229 |
| Synchrony/Polaris Consumer<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Kelly D. Thomas<br>Matthew T. Berry and Associates<br>Suite 600<br>2751 Buford Highway NE<br>Atlanta, GA 30324-5457 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 |
| W.S. Badcock Corporation<br>Attn: Bankruptcy<br>200 NW Phosphate Blvd<br>Mulberry, FL 33860-2328 | Daniel L. Wilder<br>Emmett L. Goodman, Jr., LLC<br>Suite 800<br>544 Mulberry Street<br>Macon, GA 31201-2776 | Yamaha Financial Services<br>Attn:  Bankruptcy<br>6555 Katella Ave<br>Cypress, CA 90630-5101 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Elevate Recoveries<br>Attn: Bankruptcy<br>PO Box 910009<br>Sherman, TX 75091 | Georgia Department of Revenue<br>Bankruptcy Unit<br>1800 Century Blvd, NE, Ste 9100<br>Atlanta, GA 30345 | SCANA Energy<br>Attn: Bankruptcy<br>2231 S Centrnnial Ave<br>Aiken, SC 29803 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)1st Franklin Financial Corporation<br>1570 Rome Highway<br>Cedartown, GA 30125-4403 | (d)Harbin Clinic LLC<br>c/o Nationwide Recovery Service<br>PO Box 8005<br>Cleveland TN 37320-8005 | (d)Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| (d)Quantum3 Group LLC as agent for<br>Cascade Capital Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients     4<br>Total                   42 | |